## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODY FINEFROCK, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FIVE GUYS OPERATIONS, LLC, <br><br> Defendant. | Case No.: _____ <br><br><br> COMPLAINT – CLASS ACTION <br><br><br> **JURY TRIAL DEMANDED** <br> *Electronically Filed* |

## <u>COMPLAINT - CLASS ACTION</u>

Plaintiff, JODY FINEFROCK ("Ms. Finefrock" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, McCarthy Weisberg Cummings, P.C. and Stueve Siegel Hanson LLP, hereby files this Complaint - Class Action ("Complaint") to address unlawful gender discrimination in employee pay practices perpetrated by Defendant, FIVE GUYS OPERATIONS, LLC ("Defendant" or "Five Guys"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d *et seq.* (hereinafter referred to as "Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* (hereinafter referred to as the "PHRA"). Based on Ms. Finefrock's personal knowledge, and on information and belief, Ms. Finefrock alleges as follows:

## THE PARTIES

### A.    Named Plaintiff

1.     Named Plaintiff, Ms. Finefrock, is a resident of the Commonwealth of Pennsylvania, residing at 156 2nd Street, 2nd Floor, Dauphin County, Highspire, Pennsylvania.

2.     From July 2012 until her discriminatory and retaliatory termination in September 2015, Plaintiff Finefrock was a female "employee" at Five Guys, as defined by Title VII and the PHRA.

### B.    Defendant

3.     Defendant, Five Guys, is a Delaware limited liability company which maintains its principal place of business and corporate headquarters at 10718 Richmond Highway, Lorton, Virginia.  Five Guys operates a nationwide chain of restaurants based on the hamburger concept, including multiple restaurants located in this Judicial District.

4.     At all times relevant to this Complaint, Five Guys employed in excess of fifteen (15) individuals.

## JURISDICTION AND VENUE

5.     This Complaint alleges unlawful sex/gender discrimination, retaliation and wrongful discharge by Named Plaintiff's former employer and as such, this Court has subject matter jurisdiction over this suit pursuant to Title VII and 28

U.S.C. § 1331, as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq*. (hereinafter referred to as the "PHRA").

6.     The PHRA provides for a private right of action and this Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367 to enforce its provisions.

7.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b) and (c). The unlawful discrimination and retaliation practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District. Further, Five Guys regularly transacts substantial business within this District.

## ADMINISTRATIVE PROCEEDINGS

8.     On or about April 14, 2016, Ms. Finefrock filed a CHARGE OF DISCRIMINATION – CLASS ACTION with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), which was docketed as EEOC Charge No. 530-2016-02496, alleging sex/gender discrimination, retaliation, and wrongful termination from her employment with Five Guys, and dual filed with the Pennsylvania Human Relations Commission ("PHRC").

9.      Plaintiff has been advised of her right, individually and on behalf of all others similarly situated, to bring a civil action by receiving a Notice of Right to Sue from the EEOC, dated September 5, 2017.

10.     Plaintiff has exhausted the administrative remedies available to her, and all others similarly situated, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## NATURE OF THE CASE

11.     Five Guys owns and operates the corporate-owned Five Guys restaurants (as opposed to franchised restaurants).  According to Five Guys' website, there are over 1,000 Five Guys restaurants in the United States and Canada with over 1,500 Five Guys restaurants in development.[1]  Five Guys has grown rapidly in recent years, increasing in size by nearly 792% since 2006.[2]  The restaurant chain reportedly anticipated exceeding $1,000,000,000 in revenue for the first time in 2012.[3]

12.     Ms. Finefrock was one of the most objectively successful Five Guys' restaurant General Managers in her region.  Ms. Finefrock began working at a corporate-owned Five Guys restaurant in July 2012 as a Crew Member.  Over the

---

[1] http://www.fiveguys.com/en/about-us (last visited June 13, 2016).
[2] *Five Guys Burgers: America's Fastest Growing Restaurant* (July 18, 2012) http://www.forbes.com/forbes/2012/0806/restaurant-chefs-12-five-guys-jerry-murrell-all-in-the-family.html (last visited June 13, 2016).
[3] *Id*. (last visited June 13, 2016).

course of the next several years, Ms. Finefrock diligently and methodically overcame obstacles to be promoted to Shift Leader, Assistant General Manager, and finally General Manager.  Ms. Finefrock held the position of General Manager until her retaliatory termination in September 2015.  Despite being a model employee as a Crew Member, Shift Leader, Assistant General Manager, and General Manager, Ms. Finefrock was consistently and systematically paid less than her male peers for the same work in each position.

13.    Ms. Finefrock asserts Count I and Count III of this Complaint, on behalf of herself individually and as a class action on behalf of a class of similarly-situated female employees, for violations of Title VII and the PHRA, respectively. Plaintiff seeks to recover damages for herself and all other members of the class action, including, but not limited to, compensatory damages, back pay, punitive damages, reasonable attorneys' fees, and litigation costs and expenses.

14.    Ms. Finefrock asserts Count II and Count IV of this Complaint, on behalf of herself individually, for retaliation in violation of Title VII and the PHRA, respectively.  Ms. Finefrock seeks to recover damages, on behalf of herself individually, including, but not limited to, compensatory damages, back pay, reasonable attorneys' fees, and litigation costs.

## FACTUAL ALLEGATIONS

15.    Within Five Guys' corporate-owned restaurants, Five Guys maintains strict, centralized control over its employees, which includes hiring and wage decisions.   In order to maintain this control, Five Guys has a rigid top down, hierarchical corporate structure.

16.    At the restaurant level, Crew Members (colloquially referred to as "red shirts") report directly to Shift Leaders (colloquially referred to as "gray shirts").   Shift Leaders, as well as anyone who holds a management position and works in the restaurant, wear a gray shirt to demarcate a position of management. Shift Leaders report directly to a restaurant's Assistant General Manager.   The Assistant General Manager and General Manager both report to the District Manager.

17.    Above the Five Guys restaurant level, individual restaurant General Managers and Assistant General Managers report directly to a District Manager. In turn, individual District Managers over a geographic region report directly to an Area Manager.   Area Managers, until perhaps as recently as 2015, reported directly to Robert Kozura, Five Guys Vice President of Operations.   Between 2015 and 2017, Five Guys Human Resources has created the positions of Director of Operations and Senior Director of Operations, which are now between the Area Manager and the Vice President of Operation in the chain of command.

18.     Upon information and belief, Five Guys' District Managers and Area Managers are overwhelmingly male.   Upon information and belief, in order for restaurant-level management employees to be hired, have their wages set, or have their wages increased, the District Manager must seek approval from the Area Manager who ultimately must seek approval from the Vice President of Operations.   Upon information and belief, from some time prior to 2013 and continuing to this day, Mr. Kozura, Five Guys Vice President of Operations, has had the sole authority to set and authorize every restaurant-level management employee's salary.   As a result, Five Guys' top executive leadership has executed a top down wage policy, which consistently, systematically, and willfully discriminates on the basis of sex/gender by paying its female employees less than their male colleagues, in the same positions, for the same work.

19.     Five Guys' deliberate gender discrimination against women manifests itself in the salaries and rates of pay for each management position within a Five Guys corporate-owned restaurant.

20.     Five Guys deliberately and willfully pays female Shift Leaders, Assistant General Managers, and General Managers less than their male colleagues in the same positions with the same responsibilities.

The wage disparity between female and male employees, at all levels of management within Five Guys' corporate-owned restaurants, is based solely on gender.

## PLAINTIFF FINEFROCK'S EXPERIENCE
## AS A FIVE GUYS EMPLOYEE

21.    Ms. Finefrock first worked at a Five Guys branded restaurant between January 2009 and September 2010.  At that time, the Five Guys branded restaurant where Ms. Finefrock worked was a franchise (such that it was not corporate-owned).  Upon information and belief, after 2010, Five Guys began reacquiring certain franchised restaurants to operate as corporate-owned restaurants.  One of the franchised restaurants that Five Guys reacquired to operate as a corporate-owned restaurant was the location where Ms. Finefrock had previously worked.

22.    In July 2012, Ms. Finefrock rejoined Five Guys as a Crew Member employee at store 203, a corporate-owned restaurant in Harrisburg, Pennsylvania. For the next three years, Ms. Finefrock was among the most talented and dedicated restaurant-level employees at Five Guys.  Despite Ms. Finefrock's demonstrated acumen and dedication, as she rose through the ranks at Five Guys, she was consistently paid less than her male colleagues who had the same title and performed the same work.  The only basis for the wage disparity between Ms. Finefrock and her male colleagues was Five Guys' consistent and deliberate gender-based wage discrimination against women.

23.    Five Guys had a policy and practice of hiring employees from franchised restaurants at their same title and rate of pay when hired to work at corporate-owned restaurants.  When Ms. Finefrock rejoined Five Guys, she was paid $7.61 per hour and given the title of Crew Member (a red shirt).  Ms. Finefrock had been a Shift Leader at the franchised Five Guys restaurant where she previously worked, yet she was hired as a Crew Member and paid less than she previously earned at the franchised restaurant when she was hired at the corporate-owned restaurant.  In July 2012, Ms. Finefrock observed at least one other recently hired male Crew Member being paid $8.00 per hour for the same work Ms. Finefrock performed at Five Guys.

24.    In August 2012, Ms. Finefrock earned a "promotion" back to the position she previously held at the franchised restaurant, Shift Leader.  Ms. Finefrock's promotion garnered a mere $0.39 raise to $8.00 per hour.  At that same time, a male colleague who was still a Crew Member (and therefore had less responsibility than Ms. Finefrock) was paid $8.00 per hour by Five Guys.  When that same male colleague was promoted from Crew Member to Shift Leader, the male colleague was given a wage increase to $9.50 per hour while Ms. Finefrock earned only $8.00 per hour with the same title to perform the same work.

25.    Between August 2012 and February 2013, Ms. Finefrock earned a raise from $8.00 per hour to $8.75 per hour.  At that same time, Ms. Finefrock

observed a male colleague with the title of Shift Leader who earned $9.50 per hour for same work.

26.     In February 2013, Ms. Finefrock earned a promotion to Assistant General Manager, which caused her to be transferred to store 62 in York, Pennsylvania.  Assistant General Managers are salaried employees at Five Guys. As such, Ms. Finefrock's initial salary as an Assistant General Manager was $30,000.

27.     At that time, Ms. Finefrock was training a newly hired male colleague who was hired to be an Assistant General Manager.  Ms. Finefrock learned that this male colleague – who Ms. Finefrock was training – earned a salary of $35,000 per year while Ms. Finefrock earned a salary of only $30,000 per year for the same position with the same responsibilities.

28.     Ms. Finefrock confronted the restaurant's District Manager, Andy Cook, regarding the pay disparity between her $30,000 salary as an Assistant General Manager and the $35,000 salary of a newly hired male Assistant General Manager.  Mr. Cook confirmed the pay disparity but could not offer a credible rationale for the pay disparity for the same position with the same responsibilities.

29.     Around that same time, Ms. Finefrock contacted another male colleague who was an Assistant General Manager at a Five Guys corporate-owned restaurant to inquire regarding his pay.  This male colleague was an Assistant

General Manager who had been hired one month before Ms. Finefrock, and his salary was also $35,000 per year compared to the $30,000 per year that Ms. Finefrock earned in the same position with the same responsibilities.

30.    In August 2013, Ms. Finefrock was promoted to General Manager of restaurant 62 in York, Pennsylvania.  Ms. Finefrock's initial salary as a General Manager was $38,000.

31.    At that same time, Ms. Finefrock became aware of a male colleague who was contemporaneously promoted to General Manager and was paid a salary of $40,000 while Ms. Finefrock earned $38,000 as a General Manager.

32.    As a General Manager, Ms. Finefrock's restaurant flourished and consistently exceeded Five Guys' corporate evaluation standards.  By any measure, Ms. Finefrock was an exemplary employee of Five Guys at every position she held.  However, despite rising to the level of restaurant General Manager, Ms. Finefrock continued to observe discrepancies in pay between her and male General Managers.  Further, Ms. Finefrock's position as restaurant General Manager enabled her to witness Five Guys' pay discrepancies between her male and female subordinates.

33.    Ms. Finefrock observed that Five Guys consistently paid female employees less than their male colleagues in the same positions doing the same work.

34.    On April 15, 2015, Ms. Finefrock, along with two other female General Managers, confronted District Manager Donnie Smith and Area Manager Judy Lekki about the fact that three female General Managers were paid less than two male General Managers with the same responsibilities performing the same work.   Mr. Smith and Ms. Lekki informed Ms. Finefrock and her female colleagues they would investigate the situation.

35.    Shortly thereafter in June 2015, Ms. Finefrock was placed on a Performance Improvement Plan in retaliation for confronting her superiors for gender discrimination.   In September 2015, Ms. Finefrock was terminated under the guise of not meeting the Performance Improvement Plan standards.   In reality, Ms. Finefrock was terminated from Five Guys in retaliation for raising the issue of gender-based pay discrimination in Five Guys' corporate-owned restaurants.

36.    Ms. Finefrock was an exemplary employee for Five Guys who was consistently and willfully paid less than her male colleagues with the same titles performing the same job responsibilities.   Five Guys had no basis, other than gender, to pay Ms. Finefrock less than her male colleagues.   Five Guys' actions were deliberate and willful and violated Title VII and the PHRA.

## CLASS ACTION ALLEGATIONS - TITLE VII AND THE PHRA

37.    Five Guys has engaged in systemic gender discrimination against its female employees.   Five Guys has caused, contributed to, and perpetuated gender-

based pay disparities through common policies, practices, and procedures, including but not limited to common compensation and performance management policies, and centralized decision-making.

38.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unequal pay earned by female employees in Five Guys' corporate-owned restaurants.

39.     Named Plaintiff brings the Title VII statutory claims pursuant to Fed. R. Civ. P. 23 on behalf of a class (the "Title VII Class") defined as:

> All female employees who are or have been employed by Defendant Five Guys Operations, LLC as restaurant-level management employees, including Shift Leaders, Assistant General Managers, and General Managers, during the applicable limitations period up until this Class is finally certified by the Court.

40.     Named Plaintiff brings the PHRA statutory claims pursuant to Fed. R. Civ. P. 23 on behalf of a class (the "PHRA Class," and collectively with the Title VII Class as "Classes") defined as:

> All female employees who are or have been employed by Defendant Five Guys Operations, LLC, in the Commonwealth of Pennsylvania, as restaurant-level management employees, including but not limited to Shift Leaders, Assistant General Managers, and General Managers, during the applicable limitations period up until this Class is finally certified by the Court.

41.     Named Plaintiff seeks to represent all female restaurant-level management employees, as described above, who were paid less than male employees for doing similar work.  The systemic gender discrimination described in this Complaint has been, and is, continuing in nature.

42.     The Classes as defined above are identifiable.  The Named Plaintiff is a member of each the Classes.

43.     The Classes, upon information and belief, consists of hundreds (if not thousands) of individuals, both current and former employees of Five Guys, and is thus so numerous that joinder of all members is impracticable.

44.     Furthermore, members of the Classes still employed by Five Guys may be reluctant to raise individual claims for fear of retaliation.

45.     There are questions of law and fact which are not only common to the Classes, but which predominate over any questions affecting only individual members of the Classes.  The predominating common questions include, but are not limited to:

a.     Whether Five Guys unlawfully failed and continues to unlawfully fail to compensate female restaurant-level management employees at a level commensurate with comparable male employees;

b.     Whether Five Guys' policy, practice, or procedure of failing to compensate female restaurant-level management employees at a level

commensurate with comparable male employees violates the applicable provisions of Title VII and/or the PHRA; and

c.  Whether Five Guys' failure to compensate female restaurant-level management employees at a level commensurate with comparable male employees was willful within the meaning of Title VII and/or the PHRA.

46.  The prosecution of the separate actions by individual members of the Classes would create a risk of establishing incompatible standards of conduct for Defendant, within the meaning of Fed. R. Civ. P. 23(b)(1)(A).

47.  The claims of Named Plaintiff are typical of the claims of each member of the Classes, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Defendant.

48.  Named Plaintiff will fairly and adequately protect the interests of the Classes.  Named Plaintiff and the Classes have retained counsel experienced and competent and experienced in litigating class actions, as well as other complex employment litigation.

49.  Named Plaintiff has no conflict of interest with the Classes.

50.  Named Plaintiff is able to fairly and adequately represent and protect the interest of the members of the Classes.

51.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Classes, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3).  The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

52.     There are no unusual difficulties in the management of this case as a class action.

53.     The books and records of Defendant are material to this litigation as they disclose the positions, salary/wages paid, bonuses paid, promotions and other information relevant to all of its employees, including information specific to the unlawful gender discrimination experienced by members of the Classes.

## COUNT I
### (INVIDUAL AND CLASS CLAIM)

### TITLE VII VIOLATIONS - SEX/GENDER DISCRIMINATION
### (Asserted by Named Plaintiff and the Title VII Class Against Defendant)

54.     Named Plaintiff, Jody Finefrock, re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

55.     This Count is brought on behalf of Ms. Finefrock and all members of the Title VII Class against Five Guys.

56.     Five Guys is an employer of Ms. Finefrock and the members of the Title VII Class within the meaning of Title VII.

57.     Five Guys has discriminated against Ms. Finefrock and the members of the Title VII Class by paying them less than similarly-situated male employees who performed jobs which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

58.     Five Guys so discriminated against Ms. Finefrock and the members of the Class by subjecting them to common discriminatory pay and performance management policies, including discriminatory salaries and hourly wages in violation of Title VII.

59.     The differential in pay between Ms. Finefrock and the members of the Title VII Class and similarly-situated male employees was not due to seniority, merit, quantity or quality of production, or a factor other than sex/gender, but was, in fact, due exclusively to sex/gender.

60.     Five Guys caused, attempted to cause, contributed to, and caused the continuation of wage rate discrimination based on sex/gender in violation of Title VII.

61.     Five Guys intentionally paid Ms. Finefrock and the members of the Title VII Class less than similarly-situated male employees in violation of Title VII.  The foregoing conduct constitutes a willful violation of Title VII.

62.     As a result of Five Guys' unlawful conduct, Ms. Finefrock and the members of the Title VII Class suffered and will continue to suffer harm, including, but not limited to, lost earning, lost benefits, lost future employment opportunities, and other financial losses, as well non-economic damages.

63.     Ms. Finefrock and the members of the Title VII Class are entitled to all legal and equitable remedies available for violations of Title VII, including, but not limited to, back pay, front pay, punitive damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation.

## PRAYER FOR RELIEF ON COUNT I

WHEREFORE, Named Plaintiff, Jody Finefrock, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter Judgment in their favor and against Defendant, Five Guys Operations, LLC, as follows:

A.     Certify Count I as a class action;

B.     Designate Named Plaintiff as representative of the Title VII Class;

C.     Designate Named Plaintiff's and the Title VII Class' chosen counsel as counsel for the Title VII Class;

D.     Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of Title VII;

E.      Award Named Plaintiff and the members of the Title VII Class compensatory damages;

F.      Award back pay to Named Plaintiff and the members of the Title VII Class, including a sum to compensate Named Plaintiff and the members of the Class for any increased tax liability on a lump-sum award of back pay;

G.      Award front pay to Named Plaintiff and the members of the Title VII Class, including a sum to compensate Named Plaintiff and the members of the Title VII Class for any increased tax liability on a lump-sum award of back pay;

H.      Award Named Plaintiff and the members of the Title VII Class punitive damages;

I.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the Title VII Class;

J.      Award Named Plaintiff and the members of the Title VII Class pre-judgment and post-judgment interest;

K.      Award Named Plaintiff and the members of the Title VII Class any other appropriate equitable relief; and

L.      Award any additional relief that this Court deems just and proper.


## COUNT II
### (INVIDUAL CLAIM)

### TITLE VII VIOLATIONS - RETALIATION
### (Asserted by Named Plaintiff Against Defendant)

64.     Named Plaintiff, Jody Finefrock, re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

65.    On April 15, 2015, Ms. Finefrock, along with several other female employees, confronted and complained to District Manager Donnie Smith and Area Manager Judy Lekki regarding the gender-based pay disparity between male and female General Managers of Five Guys restaurants.

66.    Ms. Finefrock specifically directed Mr. Smith and Ms. Lekki to the disparity between her own pay, as a female General Manager of a Five Guys restaurant, and the pay of at least two of her male colleagues who earned more than she did to perform the same or similar work.

67.    Also during this discussion with Mr. Smith and Ms. Lekki, Ms. Finefrock requested an increase in salary to fairly compensate her for the same work as her male colleagues in the same role.

68.    Ms. Finefrock's complaint to Mr. Smith and Ms. Lekki is the filing of a complaint within the meaning of Title VII.

69.    In retaliation for raising concerns regarding Five Guys' violation of Title VII, Five Guys then placed Ms. Finefrock on a Performance Improvement Plan despite her exemplary performance as a Five Guys General Manager.  Five Guys' placement of Ms. Finefrock on a Performance Improvement Plan was a pretext to her unlawful and retaliatory termination.

70.    Five Guys then terminated Ms. Finefrock under the guise of the Performance Improvement Plan.   However, Five Guys' termination of Ms.

Finefrock was actually in retaliation for complaining about the gender-based pay disparity between male and female employees in further violation of Title VII.

71.    Five Guys' placement of Ms. Finefrock on a Performance Improvement Plan and subsequent termination after Ms. Finefrock complained to her superiors regarding a gender-based pay disparity among Five Guys' restaurant General Managers constituted a willful violation of the anti-retaliation provision of Title VII.

## **PRAYER FOR RELIEF ON COUNT II**

WHEREFORE, Named Plaintiff, Jody Finefrock, on behalf of herself individually, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant, Five Guys Operations, LLC, as follows:

A.    Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein constitute retaliation in violation of Title VII;

B.    Award Named Plaintiff compensatory damages;

C.    Award back pay to Named Plaintiff, including a sum to compensate Named Plaintiff for any increased tax liability on a lump-sum award of back pay;

D.    Award front pay to Named Plaintiff, including a sum to compensate Named Plaintiff for any increased tax liability on a lump-sum award of back pay;

E.    Award Named Plaintiff punitive damages;

F.    Award Named Plaintiff her reasonable attorneys' fees and litigation expenses;

G.      Award Named Plaintiff pre-judgment and post-judgment interest;

H.      Award Named Plaintiff any other appropriate equitable relief; and

I.       Award any additional relief that this Court deems just and proper.

## COUNT III
## (INVIDUAL AND CLASS CLAIM)

### PHRA VIOLATIONS - SEX/GENDER DISCRIMINATION
### (Asserted by Named Plaintiff and the PHRA Class Against Defendant)

72.     Named Plaintiff, Jody Finefrock, re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

73.     This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count III arises out of the same facts, events, and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count III be brought in the same Complaint.

74.     As previously stated in Count I, Five Guys so discriminated against Ms. Finefrock and the members of the PHRA Class by subjecting them to common discriminatory pay and performance management policies, including discriminatory salaries and hourly wages in violation of the PHRA.

### PRAYER FOR RELIEF ON COUNT III

WHEREFORE, Named Plaintiff, Jody Finefrock, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter Judgment in their favor and against Defendant, Five Guys Operations, LLC, as follows:

A.     Certify Count III as a class action;

B.     Designate Named Plaintiff as representative of the PHRA Class;

C.     Designate Named Plaintiff's and the PHRA Class' chosen counsel as counsel for the PHRA Class;

D.     Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PHRA;

E.     Award Named Plaintiff and the members of the Title VII Class compensatory damages;

F.     Award back pay to Named Plaintiff and the members of the PHRA Class, including a sum to compensate Named Plaintiff and the members of the PHRA Class for any increased tax liability on a lump-sum award of back pay;

G.     Award front pay to Named Plaintiff and the members of the PHRA Class, including a sum to compensate Named Plaintiff and the members of the PHRA Class for any increased tax liability on a lump-sum award of back pay;

H.     Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the PHRA Class;

I.     Award Named Plaintiff and the members of the PHRA Class pre-judgment and post-judgment interest;

J.      Award Named Plaintiff and the members of the PHRA Class any other appropriate equitable relief; and

K.      Award any additional relief that this Court deems just and proper.

## COUNT IV
## (INVIDUAL CLAIM)

### PHRA VIOLATIONS - RETALIATION
### (Asserted by Named Plaintiff Against Defendant)

75.     Named Plaintiff, Jody Finefrock, re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

76.     This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count IV arises out of the same facts, events, and circumstances as Count II, and therefore judicial economy and fairness to the parties dictates that this Count IV be brought in the same Complaint.

77.     As previously stated in Count IV, Five Guys' placement of Ms. Finefrock on a Performance Improvement Plan and subsequent termination after Ms. Finefrock complained to her superiors regarding a gender-based pay disparity among Five Guys' restaurant General Managers constituted a willful violation of the anti-retaliation provision of the PHRA.

## **PRAYER FOR RELIEF ON COUNT IV**

WHEREFORE, Named Plaintiff, Jody Finefrock, on behalf of herself individually, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant, Five Guys Operations, LLC, as follows:

A.    Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein constitute retaliation in violation of the PHRA;

B.    Award Named Plaintiff compensatory damages;

C.    Award back pay to Named Plaintiff, including a sum to compensate Named Plaintiff for any increased tax liability on a lump-sum award of back pay;

D.    Award front pay to Named Plaintiff, including a sum to compensate Named Plaintiff for any increased tax liability on a lump-sum award of back pay;

E.    Award Named Plaintiff her reasonable attorneys' fees and litigation expenses;

F.    Award Named Plaintiff pre-judgment and post-judgment interest;

G.    Award Named Plaintiff any other appropriate equitable relief; and

H.    Award any additional relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Named Plaintiff, individually and on behalf of all others similarly situated, demand a trial by jury on all issues so triable.

Respectfully submitted,

**MCCARTHY WEISBERG CUMMINGS, P.C.**

December 1, 2017        By:  /s/ Derrek W. Cummings
Date                                Derrek W. Cummings (PA ID 83286)
                                        Larry A. Weisberg (PA ID 83410)

2041 Herr Street
Harrisburg, PA 17103
Telephone: (717) 260-3854
Facsimile: (717) 233-8133
Email: lweisberg@mwcfirm.com
           dcummings@mwcfirm.com

**STUEVE SIEGEL HANSON LLP**
George A. Hanson (*pro hac vice* to be submitted)
Alexander T. Ricke (*pro hac vice* to be submitted)

460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
Email: hanson@stuevesiegel.com
           ricke@stuevesiegel.com

*COUNSEL FOR NAMED PLAINTIFF*

*AND THE CLASS*